UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CV-20745-COOKE

WALLACE C. JONES JR.,

    *Plaintiff,*

v.

ARTHUR L. ROTHENBERG,

    *Defendant.*
_____/

## ORDER DISMISSING COMPLAINT

**THIS MATTER** is before me on a *sua sponte* review of the record. I have reviewed Plaintiff's Complaint, the record, and the relevant legal authorities. For the reasons explained below, I am dismissing Plaintiff's Complaint with prejudice.

**I.**    **BACKGROUND**

Plaintiff, Wallace C. Jones, Jr., proceeding *pro se*, filed a complaint against Judge Arthur Rothenberg of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. Plaintiff alleges that Judge Rothenberg's issuance of an Ex-Parte Order requiring Plaintiff's involuntary medical examination, and the order being made part of his clinical record, violated both his Fourth and Fourteenth Amendment rights.

On November 7, 2008, after Plaintiff's wife petitioned for the entry of an Ex-Parte Order for Plaintiff's involuntary examination, Judge Rothenberg found that Plaintiff met the criteria for an involuntary medical examination pursuant to Fla. Stat. § 394.463 (2)(a). Judge Rothenberg ordered that Plaintiff be taken into custody, and delivered to a facility for the medical examination. Plaintiff has since been released from the facility, and does not allege any

ongoing violations of his constitutional rights.

Plaintiff filed a civil rights action under 42 U.S.C. § 1983 claiming that Judge Rothenberg's order violated his constitutional rights. Plaintiff demands an award of $62 million, and that the order be "extracted" from his medical record. (Compl. ¶ 4). It is unclear whether Plaintiff is requesting that the order be vacated.

## II.     LEGAL STANDARD

Although "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, and will, therefore, be liberally construed," *Asad v. Bush*, 170 F. App'x 668, 671 (11th Cir. 2006), a district court must dismiss the complaint if it lacks subject matter jurisdiction. *Davis v. Ryan Oaks Apartment*, 357 F. App'x. 237, 238 (11th Cir. 2009) (citing *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)).

### A.     Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state. *Kaimowitz v. The Fla. Bar,* 996 F.2d 1151, 1155 (11th Cir. 1993) (citation omitted). Suits against state officials, in their official capacity, are treated as suits against the State because the real party in interest is the governmental entity and not the named official. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). There are established exceptions to Eleventh Amendment immunity: a state may waive its immunity, or congress may abrogate it. *See In re Burke,* 146 F.3d 1313, 1317 (11th Cir. 1998). Also, the Eleventh Amendment does not bar this court from granting injunctive relief to Plaintiff, or awarding money damages against state officials acting in their individual capacity. *See Cross v. Ala. Dep't of Mental Health & Mental Retardation,* 49 F.3d 1490, 1503 (11th Cir. 1995).

### B. Judicial Immunity

Judges are entitled to absolute judicial immunity from damages for acts taken in their judicial capacity unless they act in the clear absence of all jurisdiction. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). This allows judges to be free to act upon their own convictions, without apprehension of personal consequences. *See Harris v. Deveaux*, 780 F.2d 911, 915 (11th Cir. 1986).

## III. DISCUSSION

### A. Eleventh Amendment Immunity

The Eleventh Amendment bars Plaintiff's claims against Judge Rothenberg. Federal courts cannot exercise jurisdiction in suits brought by citizens against their own state. *See Kaimowitz*, 996 F.2d, at 1155. The judiciary is an arm of the state, thus the Amendment prohibits actions against state courts. Even when the state is not a named party to the lawsuit, the prohibitions that stem from the Eleventh Amendment may still apply. *Id.*

Plaintiff's allegations do not fall under the established exceptions to Eleventh Amendment immunity. Congress did not intend to abrogate Eleventh Amendment immunity in § 1983 damage suits, and Florida has not waived its immunity with respect to them. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Additionally, Plaintiff is not seeking injunctive relief from this court. Therefore, this court lacks subject matter jurisdiction to hear Plaintiff's claims.

### B. Judicial Immunity

The doctrine of judicial immunity also bars Plaintiff's lawsuit against Judge Rothenberg. In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate the doctrine of judicial immunity. *Harris*, 780 F.2d, at 914. The exceptions to the doctrine, non-judicial actions or

actions taken in the absence of all jurisdiction, are not applicable here. Plaintiff does not allege, nor is there anything in the record which would support the allegation, that Judge Rothenberg's issuance of the order was either a non-judicial action or taken in the absence of all jurisdiction. The order was granted after a sworn affidavit by Plaintiff's wife, pursuant to Fla. Stat. § 394.463. Plaintiff's Complaint must therefore be dismissed with prejudice.

## IV.   CONCLUSION

Based on the analysis set forth above, I **ORDER** and **ADJUDGE** as follows:

1. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

2. The Clerk shall **CLOSE** this matter.

3. All pending motions are **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, in Miami, Florida on this 30th day June 2010.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies to:
Wallace C. Jones, Jr., *pro se*
P.O. Box 470992
Miami, Fl 33247-0992